UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LONDON O. WRIGHT,<br><br>    Plaintiff,<br><br>vs.<br><br>SAXON MORTGAGE SERVICES, INC., et al.,<br><br>    Defendants. | Case No: C 10-03425 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING REQUEST FOR FEES AND COSTS**<br><br>Dkt. 19 |

    Plaintiff filed the instant mortgage fraud action in Alameda County Superior Court on April 16, 2010. On August 2, 2010, Defendant The Bank of New York Mellon ("Defendant") removed this action under 28 U.S.C. § 1441, asserting federal question jurisdiction under 28 U.S.C. § 1331. The parties are presently before the Court on Plaintiff's motion to remand and request for an award of attorney's fees and costs. Dkt. 19. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Plaintiff's motion to remand and DENIES his request for fees and costs. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.    BACKGROUND**

    On April 16, 2010, Plaintiff filed the instant action in Alameda County Superior Court, alleging the following causes of action: (1) constructive fraud, deceit, false promise, and concealment under California Civil Code § 1709 et seq.; (2) breach of fiduciary duty; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing, and tortious interference with contractual dealings; (5) negligence; (6) violation of the California Rosenthal Fair Debt Collections Practices Act, California Civil Code § 1788 et seq.; (7)

violation of California Business and Professions Code § 17200 et seq.; and (8) wrongful foreclosure. See Compl. Plaintiff's claims arise from the Defendants' involvement in an allegedly fraudulent residential mortgage transaction pertaining to Plaintiff's property located in Oakland, California. Id.

On August 2, 2010, Defendant removed the action to this Court under 28 U.S.C. § 1441. Defendant alleges that Plaintiff's first cause of action – constructive fraud, deceit, false promise, and concealment under California Civil Code § 1709 et seq. – is "labeled as a purported state law claim," however, "it is actually a disguised Truth In Lending Act ('TILA') claim" because it "is based entirely on alleged conduct constituting violations of TILA." Notice of Removal ¶¶ 11,12. Defendant further asserts that Plaintiff's sixth cause of action alleging violation of the California Rosenthal Fair Debt Collections Practices Act ("RFDCPA") (California Civil Code § 1788 et seq.) raises questions of federal law because it "refer[s] to alleged subsections and violations of 15 U.S.C. § 1692, including 15 U.SC. § 1692(f)(6), 15 U.S.C. § 1692(k), and 15 U.S.C. § 1692(k)(a)(2)(A)." Id. ¶ 14. Now, Plaintiff has moved to remand this action, asserting that removal was improper. Plaintiff also seeks attorney's fees and costs.

## II.   LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for a defect in removal procedure. See 28 U.S.C. § 1447(c). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). As such, any doubts regarding the propriety of the removal favor remanding the case. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

///
///
///

## III. DISCUSSION

### A. DEFENDANT'S ASSERTION THAT PLAINTIFF'S FIRST CAUSE OF ACTION IS A TILA CLAIM

The federal removal statute provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Id. § 1331.  The "arising under" qualification of § 1331 confers district courts with jurisdiction to hear "[o]nly those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Armstrong v. N. Mariana Islands, 576 F.3d 950, 954-55 (9th Cir. 2009) (internal quotations omitted).  In other words, the federal law must be a "necessary element" of the state law claim.  Id.

In the instant case, Plaintiff alleges only state law causes of action in his Complaint, and there is no mention of any federal statutes or regulations.  "[T]he plaintiff is 'the master of his complaint' and may 'avoid federal jurisdiction by relying exclusively on state law.'"  Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000)).  Nonetheless, "there exist a handful of extraordinary situations where even a well-pleaded state law complaint will be deemed to arise under federal law for jurisdictional purposes."  Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 687 (9th Cir. 2007) (internal quotations and citation omitted).  "Under the 'artful pleading' doctrine, a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of law."  Id.  "The artful pleading doctrine allows removal where federal law *completely preempts* a plaintiff's state-law claim."  Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (emphasis added).

In its Notice of Removal and its opposition to Plaintiff's motion, Defendant contends that Plaintiff's first cause of action for constructive fraud, deceit, false promise, and concealment under California Civil Code § 1709 et seq. is actually a disguised TILA claim because it is based entirely on violations of TILA. Though not cited by Defendant, the Court notes that TILA contains a limited preemption provision which preempts state law claims only to the extent they conflict with the provisions of TILA. 15 U.S.C. § 1610(a)(1).[1] Here, Defendant does not argue or make any showing that the common law cause of action at issue is inconsistent with or otherwise completely preempted by TILA.

Nor is the Court persuaded that "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Armstrong, 576 F.3d at 955. As noted, Defendant contends that Plaintiff's first cause of action is based on TILA disclosure violations. Notice of Removal ¶¶ 11, 12. The Court disagrees. TILA is mentioned nowhere in the Complaint. But even if it were, Defendant ignores that a state common law claim, such as fraud, may properly be predicated upon a duty created by TILA, without transmuting it into a federal claim. See Amparan v. Plaza Home Mortg., Inc., 678 F. Supp. 2d 961, 976 (N.D. Cal. 2008) (citing Lovejoy v. AT & T Corp., 119 Cal. App. 4th 151, 158 (2004)). Moreover, Plaintiff has alleged multiple factual grounds for his claim, including those that have no alleged relation to TILA. See Compl. ¶ 42 (referencing obligations arising under, inter alia, California Business & Professions Code § 10176 and California Probate Code § 16002 et seq.). Where a violation of a federal statute is one of several independent allegations supporting a state law cause of action, the state law cause of action does not "necessarily turn" on the construction of the federal statute. Rains v. Criterion Sys., Inc., 80 F.3d 339, 345-46 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories—one one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not

---

[1] Section 1610(a)(1) states: "Except as provided in subsection (e) of this section, this part and parts B and C of this subchapter do not annul, alter, or affect the laws of any State relating to the disclosure of information in connection with credit transactions, except to the extent that those laws are inconsistent with the provisions of this subchapter and then only to the extent of the inconsistency."

attach because federal law is not a necessary element of the claim."); see also Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) ("[I]f a single state-law based theory of relief can be offered for each of the three causes of action in the complaint, then the exercise of removal jurisdiction was improper.").  Thus, even if Plaintiff's first cause of action could be construed as referring to violations of federal law, resolution of this claim does not "necessarily turn" on the construction of federal law.

### B.    DEFENDANT'S ASSERTION THAT PLAINTIFF'S SIXTH CAUSE OF ACTION RAISES QUESTIONS OF FEDERAL LAW

Defendant also asserts that Plaintiff's sixth cause of action, alleging violation of California's RFDCPA, raises questions of federal law because it "refer[s] to alleged subsections and violations of 15 U.S.C. § 1692 [the federal Fair Debt Collection Practices Act] including 15 U.SC. § 1692(f)(6), 15 U.S.C. § 1692(k), and 15 U.S.C. § 1692(k)(a)(2)(A)." Notice of Removal ¶ 14.  At the outset, nowhere in Plaintiff's Complaint does he mention or cite any provision of the federal Fair Debt Collection Practices Act ("FDCPA") or allege any violation of this statute.  Indeed, Plaintiff's sixth cause of action exclusively refers to violations of California Civil Code §§ 1788.13(f) and 1788.10(f).  Compl. ¶¶ 122-128.  These code sections make no reference to any federal statute or regulation.  Moreover, Plaintiff's sixth cause of action does not allege, as Defendant asserts, a violation of California Civil Code § 1788.17, which states that "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."  See Cal. Civ. Code § 1788.17.  Therefore, Defendant has mischaracterized Plaintiff's sixth cause of action as incorporating the FDCPA.

Even assuming that Plaintiff's sixth cause of action incorporates provisions of the FDCPA, relevant authority provides that federal question jurisdiction cannot be premised on that basis.  See Ortega v. HomEq Servicing, 2010 WL 383368, at *5 (C.D. Cal. Jan. 25, 2010) (stating that "[a]lthough [plaintiff's] RFDCPA claim references federal statutes that are part of the FDCPA, such references are inevitable as the California legislature incorporated portions of

the FDCPA into its law," and "[s]ince the provisions are incorporated in and made part of state law, referencing the federal statute does not automatically transform [plaintiff's] RFDCPA claim into a federal claim"); Cable v. Protection One, Inc., 2009 WL 2970111, at *1 (C.D. Cal. Sept. 9, 2009) ("To whatever extent the RFDCPA imports elements of the FDCPA, it remains a state claim, and does not invoke federal question jurisdiction."); see also Britz v. Cowan, 192 F.3d 1101, 1103 (7th Cir. 1999) ("[A] state cannot expand federal jurisdiction by deciding to copy a federal law.").

### C. REQUEST FOR ATTORNEY'S FEES AND COSTS

Where a case is improperly removed, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Court has "wide discretion" under § 1447(c). Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 447 (9th Cir. 1992). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, Plaintiff has not shown that Defendant lacked an objectively reasonable basis for removing the action. Accordingly, Plaintiff's request for fees and costs is denied.

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiff's motion to remand is GRANTED. Plaintiff's request for fees and costs is DENIED. The instant action is REMANDED to the Alameda County Superior Court. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: February 9, 2011

SAUNDRA BROWN ARMSTRONG
United States District Judge